IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHELLE D. PROVINCE,                      Case No. 3:11-cv-00059-MA

             Plaintiff,                      ORDER ON ATTORNEY FEES

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

             Defendant.

MARSH, Judge

    Plaintiff Michelle D. Province filed an action for judicial
review of the Commissioner's final decision to deny her Disability
Insurance Benefits.    Presently, George J. Wall, plaintiff's
counsel, seeks an award of attorney's fees in the amount of
$7,841.80 pursuant to 42 U.S.C. § 406(b).    The Commissioner filed
a response, noting that it has reviewed the file and found no basis
upon which to object.    For the reasons that follow, the Petition
for Attorney Fees is GRANTED.

### BACKGROUND

    Plaintiff was previously determined to be disabled as of
September 13, 2002, due to brittle diabetes with a pancreas

1 - ORDER ON ATTORNEY FEES

transplant in a decision dated January 13, 2004. As part of a Continuing Disability Review by Disability Determination Services, it was determined plaintiff's condition had improved and that she was no longer disabled as of December 11, 2007. Plaintiff appealed that decision. On August 19, 2009, the ALJ issued an unfavorable decision, finding that plaintiff's disability ceased on December 11, 2007 due to medical improvement. The Appeals Council denied plaintiff's request for review on November 19, 2010, and the ALJ's decision became the final decision of the Commissioner.

Plaintiff sought judicial review of the Commissioner's denial of her applications for disability insurance benefits (DIB) pursuant Title II of the Social Security Act, 42 U.S.C. §§ 401-403. After reviewing the matter, I reversed the decision of the Commissioner and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate calculation and award of benefits.

Following plaintiff's unopposed application for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, I I entered an order awarding plaintiff $5,457.32 in fees in this matter.

On May 14, 2013, the Commissioner issued a Notice of Award reinstating plaintiff's benefits, awarding her approximately $31,367.20 in total past-due benefits. See Petition for Attorney Fees (#22), Ex. A. Plaintiff's counsel now moves for an award of attorney's fees from plaintiff's reinstated benefits award pursuant

to 42 U.S.C. § 406(b), in the amount of $7,841.20 (including the previously awarded EAJA fees). Although the Commissioner has not found a basis upon which to object, the court is required to perform an "independent check" to determine whether the award of fees is permissible under applicable statutes, and also whether the fee agreement yields "reasonable results" under the circumstances. Gisbrecht v. Barnhart, 535 U.S. 789, 796-807 (2002).

## DISCUSSION

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). However, a 25 percent contingent-fee award is not automatic or even presumed; there is no statutory presumption in favor of the agreed upon amount. Gisbrecht, 535 U.S. at 807 n. 17; Albert v. Astrue, 2011 WL 2116987, *2 (D. Or. Apr. 28, 2011), adopted, 2011 WL 2115552 (D. Or. May 26, 2011). An award of fees under § 406(b) is paid from claimant's past due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. Gisbrecht, 535 U.S. at 796. Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's

attorney must refund to the claimant the amount of the smaller of the two payments.  Id.

## I.  **Fee Agreement**

Under Gisbrecht, I must first examine the contingency fee agreement to determine whether it is within the statutory 25 percent cap.  Id. at 800.  Here, plaintiff and her counsel executed a contingent-fee agreement, providing counsel's fee would be the greater of: (1) 25 percent of any past-due benefits received, or (2) any EAJA attorney fee award obtained.  The terms of this agreement are within the statute's limits.

The next step is to confirm the fee requested by counsel does not exceed the statute's 25 percent ceiling.  Plaintiff's counsel has provided a letter from the Commissioner indicating that plaintiff's past-due Social Security benefits total $31,367.20. Plaintiff's counsel requests approval of a fee award for $7,841.80, or approximately 25 percent of the past-due benefits.  Thus, the requested award is within the statutory limit.  I turn now to my primary inquiry, the reasonableness of the fee sought.

## II.  **Reasonableness Factors**

As the Ninth Circuit emphasized in Crawford v. Astrue, § 406(b) "'instructs courts to review for reasonableness fees yielded by [contingency fee] agreements.'" 586 F.3d 1142, 1152 (9th Cir. 2008)(quoting Gisbrecht, 535 U.S. at 808).  As set forth in

Crawford, to determine the reasonableness of the contingent-fee amount, the court must apply the following Gisbrecht factors: (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case.  Crawford, 586 F.3d at 1151-52.

### A.    Character of Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award.  See Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1151.  The record in this case, however, provides no basis for a reduction in the requested § 406(b) fee due to the character of plaintiff's counsel's representation.  Counsel presented sound arguments justifying a remand in the action that were opposed by the Commissioner.

### B.    Results Achieved

Plaintiff's counsel obtained a "fully favorable" order remanding plaintiff's action from this court to the Commissioner for an immediate calculation and award of benefits.  Thus, through counsel's actions, plaintiff obtained an award of DIB for the period of disability sought.

### C.    Undue Delays

A court may reduce a § 406(b) award for delays in proceedings attributable to claimant's counsel.  See Gisbrecht, 535 U.S. at

808; <u>Crawford</u>, 586 F.3d at 1151.  Plaintiff's counsel received two short extensions for filing plaintiff's reply brief.  No evidence in the record suggests these two requests improperly delayed the prosecution of plaintiff's claim for benefits.  Accordingly, a reduction of counsel's fee request is unwarranted under this factor.

### D.   **Proportionality**

Finally, a district court may reduce a § 406(b) award if "benefits ... are not in proportion to the time spent on the case." <u>Crawford</u>, 586 F.3d at 1151 (citing <u>Gisbrecht</u>, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order." <u>Gisbrecht</u>, 535 U.S. at 808.

I have reviewed the hours worked by plaintiff's counsel, who represents that he expended approximately 32 hours in work on plaintiff's behalf in this court.  Plaintiff's counsel filed an opening brief and reply brief effectively arguing plaintiff's case. I conclude that the amount of fees requested is not out of proportion to the work performed by counsel in this matter.

### E. **Risk**

<u>Crawford</u> requires that the district court look at "the complexity and risk involved in the specific case at issue" to determine how much counsel assumed in taking the case. <u>Crawford</u>, 586 F.3d at 1153.  In considering the risk specific to this case,

I note that plaintiff's case presented an average risk, and that the issues presented were typical of social security cases generally litigated in this district. That said, it takes an experienced practitioner and a close examination of the relevant documents and records to effectively identify any insufficiencies in the administrative record. Consideration of this factor does not warrant a reduction of the requested fees.

In short, after applying the Gisbrecht factors, as interpreted by Crawford, I find that plaintiff's counsel has demonstrated that a 25 percent fee is reasonable for this case.

As noted, plaintiff's counsel was previously awarded $5,457.32 in attorney fees under the EAJA. See 28 U.S.C. § 2412(d)(1)(A). Counsel represents, however, that such fees have not yet been received. An attorney who receives fees for the same work under the EAJA and § 406(b) must refund the smaller fee to the plaintiff. 99 Stat. 183, 186 (1985); see also Gisbrecht, 535 U.S. at 796. Plaintiff has requested attorneys' fees of $7,841.80 pursuant to § 406(b) for his representation of plaintiff in this court. Plaintiff's counsel acknowledges that if I award him fees under § 406(b), he will refund to plaintiff the $5,457.32 in fees awarded under the EAJA. The net result of this exchange is $2,384.48.

////

////

////

7 - ORDER ON ATTORNEY FEES

## CONCLUSION

For these reasons, Plaintiff's Motion for Attorney Fees (#22) pursuant to 42 U.S.C. § 406(b) in the amount of $7,841.80 is GRANTED.  Pursuant to Gisbrecht, plaintiff's counsel must refund to plaintiff the lesser award of attorneys' fees granted by this court on April 30, 2012, under the EAJA in the amount of $5,457.32 if such amount is received.

IT IS SO ORDERED.

DATED this *17* day of JUNE, 2013.

Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge